No. 86,446

BRAD A. HOLMES, AARON L. ASHEL, HARLEY W. BRUNER, and CARRIE M. HADSELL, *Appellees*, v. UNIFIED SCHOOL DISTRICT No. 259, *Appellant*.

(46 P.3d 1158)

Opinion filed May 31, 2002.

*Sarah J. Loquist*, of Hinkle Elkouri Law Firm L.L.C., of Wichita, argued the cause, and *David M. Rapp*, of the same firm, was with her on the brief for appellant.

*Timothy J. King*, of Speth & King, of Wichita, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Brad A. Holmes, Aaron L. Ashel, Harley W. Bruner, and Carrie M. Hadsell worked for Unified School District No. 259 (USD 259) as security personnel during a period when their holiday pay was not computed in accordance with the district policy. After USD 259 determined that the plaintiffs had been underpaid, it paid additional holiday compensation to each of the plaintiffs. Alleging that they had not been fully compensated for their overtime work, plaintiffs sued USD 259 for additional sums. The district court denied USD 259's motion for summary judgment. After a bench trial, the district court ruled in plaintiffs' favor. USD 259 appeals from the order denying its motion for summary judgment and the entry of judgment against it. The court transferred the case from the Court of Appeals. See K.S.A. 20-3018(c).

Two issues are raised by USD 259 on appeal: Did the district court erroneously deny USD 259's motion for summary judgment, and did the district court erroneously conclude that USD 259 owed additional holiday pay to the plaintiffs?

The parties agreed in the trial court and continue to agree on appeal that there are no issues of material fact. The following statement of facts is taken from USD 259's statement of uncontroverted facts, which plaintiffs did not controvert, in support of its motion for summary judgment:

In July 1999, a security officer employed by USD 259 brought his concerns about the calculation of holiday pay to the attention of the district's director of personnel services. USD 259 investigated and learned that the holiday pay of security personnel was not being correctly calculated. It continued to be calculated in accordance with a practice that had been superseded by adoption of the Board of Education Policy 4504 (P4504).

The superseded practice was to pay security personnel the regular rate of pay for the 8 hours worked on national and Board of Education (Board) adopted holidays. Security personnel were then given a different 8-hour day off with pay.

P4504 provides:

"Employees [working on holidays] shall receive hourly rates as follows:
a. Two times the regular hourly rate plus the Board paid holiday rate . . . for work required on national holidays designated by the Board adopted calendar. . . .
b. One and one-half times [the] regular hourly rate plus the Board paid holiday rate . . . for work required on holidays designated by the Board adopted calendar."

Applying P4504, USD 259 concluded that the security personnel mistakenly had been underpaid 8 hours of wages for national holidays worked and 4 hours of wages for Board-adopted holidays worked.

Plaintiff Holmes was paid $2,418 in additional holiday pay for the period from July 1994 through September 1999. Plaintiff Ashel was paid $3,097.56 in additional holiday pay for the period from July 1994 through September 1999. Plaintiff Hadsell was paid $844.96 in additional holiday pay for the period from January 1997

through May 1999. Plaintiff Bruner was paid $163.84 in additional holiday pay for the period from February 1999 through September 1999.

After a bench trial, the district judge found for the plaintiffs and entered judgment against USD 259 for the following amounts of additional holiday pay:

| | |
|---|---|
| Holmes | $2,320.08 |
| Ashel | $2,191.90 |
| Bruner | $327.68 |
| Hadsell | $1,882.08 |

In accordance with Rule 141, USD 259 filed with the court and served on plaintiffs' counsel a memorandum supporting its motion for summary judgment that set forth uncontroverted contentions of fact in separately numbered paragraphs. Plaintiffs controverted none of the movant's factual contentions.

At the hearing on USD 259's motion for summary judgment, the parties agreed on the record that there were no issues of material fact and that resolution of the matter required only interpretation of P4504. With the case thus ripe for summary judgment, District Judge Eric Yost declined to resolve the legal issue.

At the hearing, he stated: "But it's not a factual dispute. No one disputes what they were paid, no one disputes what the policy was, no one disputes what hours were worked, it's simply an interpretation of the policy and what can or cannot be done under the policy; isn't that right?" Plaintiffs' counsel replied, "True." The district judge concluded:

"Well, it might very well be that if we were here on bench trial on this I would say yes, [USD 259's] absolutely right, because at first blush it appears to me that they've been compensated. But that doesn't mean that that's not the same as me granting the motion for summary judgment, because in effect [plaintiffs' counsel] should have an opportunity to make his arguments. Maybe we should dispose of it here this morning or this afternoon but that's a different issue than granting the motion for summary judgment as a matter of law.

"I'm going to go ahead and make the finding that the material facts are not controverted but that it's an interpretation of law as to what the policy means. Based on the facts we have in front of us, which the parties have agreed to, I'm going to overrule the motion for summary judgment and allow you to go ahead

and take this to a bench trial with whatever judge Judge Lahey sends you to, whenever that is and you can make those arguments at that time."

On appeal, USD 259 complains that in these circumstances the district court should have granted its motion for summary judgment. In these circumstances, the district court should have ruled on the motion for summary judgment, not necessarily granting the motion, but avoiding the necessity of additional delay, court time, costs, and attorney fees for both parties. A trial court has the inherent authority to summarily dispose of a matter on its own motion where there remains no genuine issue as to any material fact, and judgment must be for one of the parties as a matter of law. *Phillips v. Carson*, 240 Kan. 462, Syl. ¶ 3, 731 P.2d 820 (1987). However, the error was not in denying summary judgment to the defendant, but in failing to grant the plaintiffs' motion for summary judgment.

After Judge Yost denied USD 259's motion for summary judgment on October 12, 2000, the parties appeared before District Judge Richard Ballinger on December 4, 2000, for the bench trial. No witnesses were called. At the end of the proceeding, the trial court rendered its decision in favor of the plaintiffs on the record:

"In this case, although the city did kick in that extra eight hours, at the time and under the circumstances the employee did not agree to it, did not agree to allow the city to waive, is in a position where they really couldn't do anything about it and, therefore, it was a non-consensual arrangement and the Court finds for those reasons legally that the extra funds, extra day pay on each one of these five individuals are due and therefore enters judgment on behalf of the plaintiff for $2320.08 on Brad Holmes, $2191.90 on Aaron Ashel, $327.68 on Harley Bruner and Carrie Hadsell is $1882.08. For the record, that is consistent with Plaintiffs' Exhibit B and I'm adopting those amounts, costs assessed against the defendant.

. . . .

". . . My reference wasn't that the Fair Labor Act applies. It's the intent of all these statutes that were passed that both parties agree, both parties come in at an arm's length. This situation is covered specifically by the contract, the policy of the school district. That school district said these premiums will be paid, these holiday pay rates will go into effect if the employees work, period, and so just because they accepted that other eight hours of comp. time doesn't mean they consented to that and the deal was—and the case was satisfied. . . . The federal statute does not apply to this case."

The parties agree that this court's review of the district court's decision is unlimited. An appellate court's review of conclusions of law is unlimited. *Lindsey v. Miami County National Bank*, 267 Kan. 685, 689-90, 984 P.2d 719 (1999).

This court has stated that when an employee is made aware of the employer's policy, which is a part of the terms of the employment contract, both parties will be held to those terms. *Sweet v. Stormont Vail Regional Medical Center*, 231 Kan. 604, Syl. ¶ 4, 647 P.2d 1274 (1982). There is no dispute that P4504 governs plaintiffs' claims in this case.

According to USD 259's counsel, the policy on holiday pay for security personnel entitles plaintiffs "to the board paid holiday rate plus two times their rate of pay for national holidays, one and a half times their rate of pay for board adopted holidays." In other words, according to counsel for the school district, USD 259 "would be paying them *three times their rate of pay for national holidays and two and a half times their regular rate of pay for board adopted holidays.*" (Emphasis added.)

USD 259 already has paid plaintiffs two times their rate of pay for national holidays and one and a half times their regular rate of pay for Board-adopted holidays. USD 259 contends that it has fully paid plaintiffs. The school district's reasoning is that in addition to two times their rate of pay for national holidays and one and a half times their regular rate of pay for Board-adopted holidays, plaintiffs were paid for a day off for each holiday. The paid day off was the pre-P4504 practice. According to USD 259, being paid for a day off plus being paid double for national holidays and time and a half for Board-adopted holidays equals being paid triple for national holidays and double time and a half for Board-adopted holidays.

The plaintiffs, however, show that they sustain a monetary loss when paid for a day off plus being paid double for national holidays and time and a half for Board-adopted holidays. Simply stated, a security person who gets paid triple for a national holiday and works 4 days during that week will be paid the equivalent of 7 days' pay. A security person who gets paid double for a national holiday, gets 1 day off with pay and works 3 days during that week, will be paid the equivalent of 6 days' pay.

P4504 requires USD 259 to pay its security personnel triple for a national holiday and double time and a half for Board-adopted holidays. It did not do so, and as a result its security personnel sustained monetary loss. Although the security personnel benefited from a paid day off, they were not paid by USD 259 in accordance with its own policy. The plaintiffs never agreed to the unwritten pre-P4504 policy of 1 day off with pay. That was never the agreed compensation for working holidays.

USD 259 also argues that the security personnel have been fully paid under the Kansas Wage Payment Act, K.S.A. 44-313 *et seq.*, and regulations promulgated under it. The definition of "wages" set out in K.S.A. 44-313(c) is "compensation for labor or services rendered." On the paid days off, which were part of the school district's superseded scheme of holiday compensation, the security personnel did not render labor or services. Thus, USD 259 argues, plaintiffs are not entitled to be paid additional wages for those paid days off. As we understand this argument, it amounts to USD 259 claiming that the pay for the paid days off is to be treated as holiday pay to bring the holiday pay up to P4504 requirements, and the days off are to be treated as unpaid. USD 259, however, does not direct the court's attention to any provision of its policy that would permit it to require security personnel to take an unpaid day off in order to receive full compensation for working on a holiday. USD 259 was required to pay the plaintiffs for holidays worked in accordance with the policy contained in P4504. The trial court correctly determined the amount owed the plaintiffs and entered judgment accordingly.

Affirmed.